# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE W. CREAMER, | 1:18-cv-01535-LJO-SKO |
| Plaintiff, | MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT (ECF No. 1) |
| v. | |
| CITY OF TULARE, CA. INC. (A MUNICIPAL CORPORATION A COMMON LAW CITY); NAMED AND UNNAMED PUBLIC OFFICIALS, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Bruce W. Creamer filed this suit on November 2, 2018, without payment of the filing fees. Accordingly, this Court screens the Complaint for frivolousness.

As the Complaint states, this is "the third docketed case attempted in federal court by Plaintiff regarding an underlying incident that took place on April 18, 2014," and which, the Complaint alleges, remains ongoing. ECF No. 1 at 3 n.1. Though the incident itself took place in 2014, Plaintiff alleges that there is an "ongoing conspiracy to cover up felony criminal actions by judicial officials," apparently referring to the dismissal of his two prior suits relating to the underlying incident. *Id*. This suit, like his prior ones, includes a claim brought under 42 U.S.C. § 1983 for violation of his constitutional rights, arising out of a Notice of Violation of Tulare Municipal Code § 7.28.030, which he received on January 13, 2014. *See* ECF No. 1 at 4. *See also* ECF No. 26 in *Creamer v. City of Tulare*, No. 1:15-cv-00916-DAD-EPG (order dismissing complaint) and ECF No. 4 in *Creamer v. Paez*, No. 1:18-cv-00218-AWI-SKO (same). Section 7.28.030 declares it a nuisance for any person to maintain (or fail to maintain)

1

property under an enumerated list of conditions.  Though the Complaint does not offer detail about the April 18, 2014, incident, the prior cases alleged that on that date, Tulare Code Enforcement Officer Richard Garcia and no fewer than seven other individuals arrived at Plaintiff's address. Plaintiff asserted the prior litigation that they drew their firearms and pointed them at him, handcuffed him and put him on the concrete ground, broke into and damaged his garage, and then towed his vehicle(s) away with the assistance of Action Towing Inc.

After his first suit was dismissed, and the dismissal was affirmed on appeal, he filed the second suit, which duplicated the claims from the first suit and made additional claims against the District Court judge and Ninth Circuit judges who heard his case.  The second suit was dismissed in a written order dated March 26, 2018.  Plaintiff's appeal of that dismissal was dismissed by the Ninth Circuit.  The Ninth Circuit denied his motion for reconsideration of the dismissal on October 31, 2018.  Plaintiff filed this suit two days later, which for a third time asserts § 1983 claims stemming from the Notice of Violation and the April 18, 2014, incident.

## II. LEGAL STANDARD

District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  A district court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . ." 28 U.S.C. § 1915(e)(2)(B)(i). An action is "frivolous" if it has no arguable basis in fact or law; the term embraces both inarguable legal conclusions and fanciful factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998).  However, the "denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that

amendment would be futile." *Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015). If a court denies a motion to proceed in forma pauperis because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). *Id.*

### III. DISCUSSION

Plaintiff's claims are duplicative of the claims made in his prior two suits.

**A.     Res Judicata**

Under federal law, "[c]laim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action." *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010). Claim preclusion applies when three elements are met: "1) an identity of claims; 2) a final judgment on the merits; and 3) identity or privity between the parties." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997), *citing Blonder-Tongue Lab. v. University of Ill. Found.*, 402 U.S. 313, 323- 24 (1971). Once res judicata is determined to apply, the merits of the case need not be examined. *See Federated Dep't Stores v. Moitie*, 452 U.S. 394, 401 (1981) ("The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case."). "Whether the two suits involve the same claim or cause of action requires us to look at four criteria, which we do not apply mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000), *quoting Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

Just as in the prior cases, the Complaint makes reference to the Notice of Violation he received

on January 13, 2014, announces his intention to challenge the validity of the ordinance on which the violation was based, and seeks also to bring a § 1983 suit based on the asserted violation of his constitutional rights. Though the Complaint lacks factual detail, what detail exists is enough to show that the suit arises out of the same transactional nucleus of facts and seek to challenge the same ordinance of the Tulare City Code as in the prior suits. *Compare* Complaint *and* ECF No. 4, in *Creamer v. Paez*, No. 1:18-cv-00218-AWI-SKO (finding that res judicata barred the second suit). *See also* Complaint at 3 n.1 (acknowledging that this is the third case arising from the April 18, 2014, incident).

The first suit was dismissed with prejudice by the District Court by order of November 7, 2016. "In federal courts, a district court judgment is 'final' for purposes of res judicata." *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1135 n.2 (9th Cir. 2001), *citing Tripati v. Henman*, 857 F.2d 1366, 1367 & n.1 (9th Cir. 1988). The dismissal was affirmed by the Ninth Circuit on appeal. Plaintiff's second suit was dismissed as frivolous and malicious by the District Court by order of March 26, 2018. Plaintiff's appeal of that dismissal was dismissed by the Ninth Circuit.

Here, as in the second case, all the elements of res judicata are satisfied. Plaintiff cannot pursue claims based on the events of April 18, 2014, and cannot challenge the code enforcement because they are barred by res judicata. Because of the nature of res judicata, amendment would be futile. *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003).

Accordingly, Plaintiff's Complaint is frivolous and may not be remedied by amendment.

### IV. CONCLUSION AND ORDER

The Complaint is **DISMISSED**. The Clerk of Court is directed to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated:  **November 9, 2018**          /s/ Lawrence J. O'Neill
                                      UNITED STATES CHIEF DISTRICT JUDGE